## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JUSTIN TAYLOR and AMBER TAYLOR, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 10-1383 KHV |
| WICHITA POLICE OFFICER CHARLES | ) | |
| BYERS and CITY OF WICHITA, KANSAS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

Justin Taylor and Amber Taylor bring suit against the City of Wichita, Kansas and Charles Byers, a Wichita police officer. Under 42 U.S.C. § 1983, plaintiffs claim that defendants violated their rights to substantive and procedural due process under the Fourteenth Amendment and that defendants' conduct constitutes an unlawful taking of property for public use without just compensation under the Fifth and Fourteenth Amendments. See First Amended Complaint (Doc. #13) filed January 28, 2011. This matter is before the Court on defendants' Motion To Dismiss Amended Complaint (Doc. #14) filed February 11, 2011. For reasons stated below, the Court sustains defendants' motion.

### Legal Standards

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The specific allegations in the complaint must plausibly support a legal claim for relief. Kay v. Bemis,

500 F.3d 1214, 1218 (10th Cir. 2007).  Rather than deciding whether a claim is "improbable," the Court determines whether the factual allegations in the complaint sufficiently raise a right to relief above the speculative level.  See id. (quoting Twombly, 550 U.S. at 556).  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 129 S. Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions.  See id.  Plaintiffs bear the burden to frame their complaint with enough factual matter to suggest that they are entitled to relief; it is not enough for them to make threadbare recitals of a cause of action accompanied by mere conclusory statements.  Twombly, 550 U.S. at 556.  Plaintiffs make a facially plausible claim when they plead factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged.  Iqbal, 129 S. Ct. at 1949.  Plaintiffs must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability.  Id. (quoting Twombly, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand.  Id.  Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief.  Id. at 1950.  Finally, the degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2) depends upon the type of case.  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

**Factual Background**

The First Amended Complaint (Doc. #13) alleges the following facts:

Plaintiffs own 20 rental homes, a 31-unit apartment complex and five commercial units in Wichita, Kansas. On June 15, 2010, Charles Byers, a Wichita police officer, asked Amber Taylor whether she and her husband would be willing to evict the tenants from their rental property at 1117 N. Terrace.  Without evidentiary support, Officer Byers claimed that the tenants were involved in numerous burglaries and thefts, underage prostitution, gang activity and drugs.  Amber Taylor told Officer Byers that she would talk to her husband.

On June 22, 2010, Officer Byers called Amber Taylor and asked whether she and her husband had made a decision.  Amber Taylor told Officer Byers that they would not evict the tenants.  Within one hour of this conversation, the tenant at 1117 N. Terrace called plaintiffs and told them that the Office of Central (Housing) Inspection for the City of Wichita ("OCI") was inspecting the property. At some point after the inspection, the inspector told plaintiffs that the rental property was one of the better ones in the neighborhood and that but for a directive from the Wichita Police Department, he would have never inspected the property.

Shortly thereafter, Justin Taylor called Officer Byers and asked why OCI had inspected the property.  Officer Byers explained that the rental unit was one of four properties the police were watching due to heroin, underage tattooing, prostitution and theft.  Officer Byers said the whole neighborhood was full of gang members and that by evicting the tenants at 1117 N. Terrace, plaintiffs would be helping police clean up the area.  Justin Taylor explained that police should arrest the tenants if they were engaged in illegal activity, but Officer Byers responded that they did not have probable cause to arrest and that if police arrested them, the individuals would be back the next day.

Justin Taylor asked Officer Byers what he wanted plaintiffs to do and Officer Byers instructed him to evict the tenants on a three-day notice.  Justin Taylor understood that a three-day eviction

notice would only be legally appropriate for non-payment of rent, and explained that the tenant was current on rent.  He also stated that if he evicted the tenants, he could be liable under the Kansas Residential Landlord Tenant Act.  Officer Byers stated that plaintiffs should nevertheless evict the tenants because tenants do not usually know the rules.  Officer Byers also stated that three other landlords on the same block had evicted tenants at police request and that plaintiffs were the only ones who were not cooperating with police.  Officer Byers' conduct is part of a well-known custom, policy and practice of the Wichita Police Department to retaliate against landlords and tenants whom police suspect of improper conduct but lack evidence to support a warrant.

Justin Taylor complained to Officer Byers that he was "strong-arming" plaintiffs, but Officer Byers explained that he was not strong-arming them and that demanding that landlords evict tenants was a tool which Wichita Police often used to get rid of problems.  Justin Taylor stated that he would cooperate in other ways such as alerting police when tenants would be at home or providing contact information.  Officer Byers told Justin Taylor that if he did not evict the tenants, he would be forced to replace doors that would be kicked in by Wichita Police officers and that OCI would continue to cite plaintiffs' rental properties with violations.   When Justin Taylor objected, Officer Byers explained that he was following a police captain's orders.

After consulting with their eviction attorney, plaintiffs decided to give the tenants at 1117 N. Terrace 30 days notice to vacate under the terms of the month-to-month lease. The tenants vacated the property and moved a few houses away on the same street. Wichita Police later harassed the new tenant at 1117 N. Terrace by giving the tenant a ticket for a minor traffic violation.

Plaintiffs filed suit against Officer Byers and the City of Wichita.  Plaintiffs assert a violation of their "constitutional rights to be protected from unlawful taking of their property without due

process of law." <u>First Amended Complaint</u> (Doc. #13) ¶ 33.[1]

### Analysis

Plaintiffs bring suit under 42 U.S.C. § 1983.[2]  To establish a claim under Section 1983, plaintiffs must allege two elements: (1) defendants deprived plaintiffs of a right secured by the Constitution and laws of the United States and (2) defendants did so under color of statute, ordinance, regulation, custom or usage.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970); <u>Doe v. Bagan</u>, 41 F.3d 571 (10th Cir. 1994).

Defendants argue that based on the uncertain nature of plaintiffs' claims, the Court should consider the matter under the framework of a takings claim.  In opposition, plaintiffs note various due process protections, but they do not directly respond to defendant's argument.  From a close review of the amended complaint, the Court cannot ascertain the precise basis of plaintiffs' claim which they call an "unlawful taking of their property without due process of law," <u>First Amended Complaint</u> (Doc. #13) ¶¶ 33, 35, <u>see id.</u>, ¶ 30(a).[3]  Out of an abundance of caution, the Court evaluates whether

---

[1]  Plaintiffs do not specify whether they sue Officer Byers in his individual capacity, official capacity or both.

[2]  Section 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

[3]  Plaintiffs repeatedly assert that defendants are guilty of the crime of extortion, <u>see</u> <u>First Amended Complaint</u> (Doc. #13) ¶ 27 ("extortion and threats of property damages"); <u>id.</u>, ¶ 29 ("deprivation of due process, coercion and extortion, and taking of plaintiffs' property without
(continued...)

plaintiffs have stated a claim under three potential theories: (1) an unlawful taking without just compensation, (2) a violation of procedural due process and (3) a violation of substantive due process.[4]

**I.     Takings Claim**

Plaintiffs apparently allege that their loss of rental income and/or the cost to remedy OCI-identified violations constitute an unlawful taking of property.  The "takings clause" of the Fifth Amendment, which applies to the States through the Fourteenth Amendment, provides as follows:

_____

[3](...continued)
justification"); see also Plaintiffs' Response (Doc. #20) at 1 (defendants "used threats of force, fear of incarceration, and other intimidation to extort plaintiffs into improperly evicting tenants"); id. at 6 (plaintiffs subject to "improper imposition of police power, and . . . behavior tantamount to extortion"); id. at 8 (police policy of "extorting innocent landlords"); id. (extortion is a crime complete once blackmail threat is made); id. at 10-11 (common sense that police officers "extorting citizens" is constitutional violation), but they do not explain how extortion by itself constitutes an unlawful taking or a violation of their rights to procedural or substantive due process.
       Federal criminal law prohibits extortion.  See 18 U.S.C. § 1951.  Even so, plaintiffs do not explain how defendants' conduct also constitutes a constitutional violation which gives rise to a Section 1983 claim.  Plaintiffs cannot assert a Section 1983 claim based solely on a violation of the federal extortion statute.  See 18 U.S.C. § 1951; Alexandre v. Phibbs, 116 F.3d 482 (Table), 1997 WL 341830, at *1 (9th Cir. 1997); see also Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994) (dismissing claims brought under federal criminal statute because it did not provide private cause of action).

       [4]       When plaintiffs allege that defendants denied them a property interest without due process, and the loss of that property interest is the same loss upon which plaintiffs base a takings claim, plaintiffs ordinarily must utilize the remedies applicable to the takings claim.  See Rocky Mtn. Materials & Asphalt, Inc. v. Bd. of County Comm'rs of El Paso County, 972 F.2d 309, 311 (10th Cir. 1992); see also J.B. Ranch, Inc. v. Grand County, 958 F.2d 306, 309-10 (10th Cir. 1992) (nothing in record dictates due process analysis above and beyond consideration of plaintiff's claim under Just Compensation Clause); Miller v. Campbell County, 945 F.2d 348, 352 (10th Cir. 1991) (in context of case that falls squarely within Just Compensation Clause, court reluctant to impose new and potentially inconsistent obligations under substantive or procedural components of Due Process Clause; appropriate in such case to subsume more generalized due process protections within more particularized protections of Just Compensation Clause), cert. denied, 502 U.S. 1096 (1992).  In any event, as explained above, the Court evaluates plaintiffs' claim under three possible theories.

"[N]or shall private property be taken for public use, without just compensation."  U.S. Const. amend. V; <u>Lingle v. Chevron U.S.A., Inc.</u>, 544 U.S. 528, 536 (2005).

Defendants argue that plaintiffs cannot maintain a takings claim because they have not alleged that the taking of property was for a public use.  <u>See</u> <u>Memorandum In Support Of Defendants' Charles Byers' And City Of Wichita's Motion To Dismiss First Amended Complaint</u> (Doc. #15) filed February 11, 2011 at 5-6.  Plaintiffs do not respond to this argument or otherwise attempt to explain the factual basis of a takings claim.  The amended complaint does not assert that defendants took property for "public use."  Based on the bare allegations of the amended complaint, the Court must dismiss plaintiffs' takings claim for failure to state a claim on which relief can be granted.

## II.    Procedural Due Process Claim

To state a claim for a violation of procedural due process under Section 1983, plaintiffs must allege that (1) defendants deprived them of a definite liberty interest and (2) the procedures afforded to protect the interest were insufficient.  <u>Lassiter v. Topeka Unified Sch. Dist. No. 501</u>, 347 F. Supp.2d 1033, 1043 (D. Kan. 2004); <u>see</u> <u>Winters v. Bd. County Comm'rs</u>, 4 F.3d 848, 856 (10th Cir.1993), <u>cert. denied</u>, 511 U.S. 1031 (1994); <u>Silvernail v. County of Kent</u>, 385 F.3d 601, 604 (6th Cir. 2004).[5]  The deprivation of procedural due process is not complete unless and until the state fails to provide adequate constitutionally essential procedures.  <u>Winters</u>, 4 F.3d at 856.

Defendants argue that plaintiffs have not alleged that the available procedures were insufficient to protect plaintiffs' interests.  <u>See</u> <u>Memorandum</u> (Doc. #15) at 9-10.  Plaintiffs do not respond to this argument and do not clarify whether they even intended to assert a procedural due

---

[5]     Plaintiffs attempt to assert a protected liberty interest "to earn a living" and "to generate [rental] income."  <u>Plaintiffs' Response</u> (Doc. #20) at 8.

process claim.  Because plaintiff has not alleged that available procedures were inadequate to protect their liberty interests, the Court dismisses plaintiffs' procedural due process claim for failure to state a claim on which relief can be granted.

**III.     Substantive Due Process**

Substantive due process protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them.  Daniels v. Williams, 474 U.S. 327, 331 (1986); see also Archuleta v. Colo. Dep't of Insts., Div. of Youth Servs., 936 F.2d 483, 490 (10th Cir. 1991) (substantive due process guarantees that state will not arbitrarily deprive person of life, liberty or property regardless of how fair procedures are that are used to make decision). Because the Supreme Court has always been reluctant to expand the concept of substantive due process, such claims are subject to heightened standards.  Rector v. City & County of Denver, 348 F.3d 935, 948 (10th Cir. 2003); see County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998).

Here, plaintiffs attempt to challenge the executive acts of Officer Byers.[6]  To prevail on a

---

[6]      For purposes of substantive due process, courts often distinguish between legislative and executive governmental functions.  Lewis, 523 U.S. at 846.  Executive acts apply to a limited number of persons and typically arise from ministerial or administrative activities; legislative acts generally apply to a larger segment of society and include laws and broad-ranging executive regulations.  McKinney v. Pate, 20 F.3d 1550, 1557 n.9 (11th Cir. 1994), cert. denied, 513 U.S. 1110 (1995).  Even so, the ultimate issue in both types of cases is whether plaintiffs suffered from governmental action that either (1) shocks the conscience or (2) infringes upon a fundamental right. See Seegmiller v. LaVerkin City, 528 F.3d 762, 768 (10th Cir. 2008).  Because plaintiffs have not alleged that Officer Byers's conduct violates a fundamental right, the Court limits its inquiry to the "shock-the-conscience" test.  See Turner v. Houseman, 268 Fed. Appx. 785,  787 (10th Cir. 2008); Dubbs v. Head Start, Inc., 336 F.3d 1194, 1203 (10th Cir. 2003); see also United States v. Salerno, 481 U.S. 739, 746 (1987) (substantive due process clause prevents government from engaging in conduct that "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty").

In their response, plaintiffs appear to assert that they have a protected liberty interest "to earn a living" and "to generate [rental] income," Plaintiffs' Response (Doc. #20) at 8, but the complaint
(continued...)

-8-

substantive due process challenge to executive action, plaintiffs are required to show a "cognizable level of executive abuse of power as that which shocks the conscience" of federal judges. Lewis, 523 U.S. at 846.  The Supreme Court has drawn a clear line between mere tortious conduct and conduct which violates the Constitution.  See id. at 848 (Fourteenth Amendment not "font of tort law to be superimposed upon whatever systems may already be administered by the States").  Mere negligence is not sufficient, and plaintiffs must do more than show that defendant intentionally or recklessly caused injury by abusing or misusing government power.  See Moore v. Guthrie, 438 F.3d 1036, 1040 (10th Cir. 2006).  Plaintiffs must show a "high level of outrageousness" and a magnitude of potential or actual harm which is truly conscience shocking.  See Uhlrig v. Harder, 64 F.3d 567, 574 (10th Cir. 1995).

Defendants argue that plaintiffs have not alleged any behavior which would shock the conscience.  See Memorandum (Doc. #15) at 8-9.  In opposition, plaintiffs do not directly respond to this argument.  In cases of "abusive executive action," only the most egregious official conduct can be said to be "arbitrary in the constitutional sense."  Lewis, 523 U.S. at 849 (citing Collins v. City of Harker Heights, 503 U.S. 115, 129 (1992)).  Plaintiffs have not alleged facts sufficient for the

_____

[6](...continued)
does not allege such a right.  In any event, plaintiffs do not assert that defendants deprived them of a fundamental right to earn a living simply by demanding that they evict one particular tenant.  See, e.g., Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 574 n.13 (1972) (mere proof that record of nonretention in one job might make individual somewhat less attractive to other employers would hardly establish kind of foreclosure of opportunities amounting to deprivation of "liberty"); Setliff v. Mem'l Hosp. of Sheridan County, 850 F.2d 1384, 1397 (10th Cir. 1988) (liberty interest not deprived despite diminished reputation and attractiveness to other employers); Perry v. F.B.I., 781 F.2d 1294, 1302 (7th Cir. 1986) (liberty interest not implicated merely by reduction in individual's attractiveness to potential employers where no legal barrier to continued pursuit of that occupation), cert. denied, 482 U.S. 929 (1987); Munson v. Friske, 754 F.2d 683, 693 (7th Cir. 1985) (liberty interest not implicated where conduct merely result in reduced economic returns and diminished prestige, but not permanent exclusion from or protracted interruption of employment).

Court to find that Officer Byers' conduct was so shocking as to support a violation of their right to substantive due process.  See id.; see also Tinker v. Beasley, 429 F.3d 1324, 1329 (11th Cir. 2005) (lying to, threatening, or insulting suspect does not shock the conscience); Luckes v. County of Hennepin, 415 F.3d 936, 940 (8th Cir. 2005) (lengthy detention, while unfortunate and understandably upsetting, does not shock the conscience); Livsey v. Salt Lake County, 275 F.3d 952, 957–58 (10th Cir. 2001) (publication by police of erroneous statement regarding private sexual proclivities of murder victim, coupled with county refusal to grant name-clearing hearing, "however ill-advised, inappropriate, or ill-considered it might have been, does not shock the conscience of federal judges"); cf. Rochin v. California, 342 U.S. 165, 172 (1952) (invasion of one's body, such as pumping suspect's stomach, "shocks the conscience").  The Court therefore dismisses plaintiffs' substantive due process claim for failure to state a claim on which relief can be granted.

**IV.    Claims Against City Of Wichita**

Under Section 1983, municipal liability must be predicated on an employee's underlying constitutional violation.  See Myers v. Okla. County Bd. of County Comm'rs, 151 F.3d 1313, 1316-17 (10th Cir. 1998) (regardless of governmental policies, local government entity cannot conceivably be liable where officers inflict no constitutional harm).  Because plaintiff has not alleged an underlying constitutional violation, the Court dismisses plaintiff's claims against the City of Wichita.

**IT IS THEREFORE ORDERED** that defendants' Motion To Dismiss Amended Complaint (Doc. #14) filed February 11, 2011 be and hereby is **SUSTAINED**.  The Court dismisses plaintiffs' amended complaint for failure to state a claim on which relief can be granted.

Dated this 23rd day of August, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
